■ CHARLES L. RAND, Appellant, v ROSE G. RAND, Respondent. (Action No. 1.) ROSE G. RAND, Respondent, v CHARLES L. RAND, Appellant. (Action No. 2.)

— Appeal by Charles L. Rand (plaintiff in Action No. 1 and defendant in Action No. 2) from so much of an order of the Supreme Court, Suffolk County (McCarthy, J.), dated December 31, 1979, as denied the branches of his motion which sought (1) to vacate his default in answering the complaint in Action No. 2, (2) to consolidate the two actions, and (3) to strike Action No. 2 from the Trial Calendar. The appeal brings up for review so much of a further order of the same court, dated February 21, 1980, as, upon reargument, adhered to the original determination. Appeal from the order dated December 31, 1979 dismissed, without costs or disbursements. That order was superseded by the order granting reargument. Order dated February 21, 1980 modified by adding thereto, after the provision adhering to the original determination, the following: "except that so much of the order dated December 31, 1979 as denied the branches of Charles L. Rand's motion which sought (1) to vacate his default in Action No. 2 and (2) to strike that action from the calendar is vacated and those branches of his motion are granted." As so modified, order affirmed insofar as reviewed, without costs or disbursements. The answer annexed to the moving papers shall be deemed served. Charles L. Rand's default in answering the complaint in Action No. 2 was neither willful nor lengthy and did not cause any prejudice to the plaintiff in that action (see *A & J Concrete Corp. v Arker,* 54 NY2d 870). Adequate evidence of merit has been presented by Mr. Rand. Further, although he did not make his motion to vacate his default until after plaintiff Rose Rand had placed Action No. 2 on the calendar, we note that said plaintiff waited approximately 11 months to place the action on the calendar and that the evidence sufficiently establishes that Mr. Rand had been unaware that his prior attorney had failed to interpose an answer in Action No. 2 (see *A & J Concrete Corp. v Arker, supra).* Accordingly, Special Term's denial of the branches of Mr. Rand's motion which sought to open his default in Action No. 2 and to strike that action from the calendar was an improvident exercise of discretion. However, on the entire record, Special Term's denial of consolidation was not an improvident exercise of discretion. Mollen, P. J., Hopkins, Damiani and Titone, JJ., concur.